DANIEL DISARIO, Plaintiff-Appellant, v. ENESCO IMPORTS CORPORA-TION, Defendant-Appellee.

First District (5th Division)    No. 85—2432

Opinion filed December 31, 1987.

Laura S. Addelson and Garson H. Wernick, both of Wernick & Addelson, P.C., of Evanston, for appellant.

Sidley & Austin, of Chicago (Chester J. Maciorowski, Lisa A. Hausten, and Holly A. Harrison, of counsel), for appellee.

JUSTICE PINCHAM delivered the opinion of the court:

Plaintiff, Daniel Disario, appeals from the order which dismissed his complaint against his former employer, defendant Enesco Imports Corporation. The issue on appeal is whether there is a cause of action for tortious breach of an implied covenant of good faith and fair dealing in an employment contract.

The allegations of Disario's complaint follow: Disario was employed by Enesco as a warehouse supervisor under an oral employment contract. In February 1984, after three years of employment with Enesco and without prior warning, Disario was terminated. Disario was told that as a result of the recent sale and reorganization of Enesco, his position of warehouse supervisor had been eliminated. Two days after his termination, however, Disario discovered that Enesco had placed an advertisement in the local newspaper to fill the position of warehouse supervisor. As a direct result of Enesco's discharging him, Disario experienced extreme stress and anxiety and three days after discovering Enesco's newspaper advertisement for a warehouse supervisor, Disario was stricken with a heart attack which left him physically disabled, virtually unemployable and destitute.

Disario initiated the instant lawsuit in November 1984. Count II of Disario's complaint, with which we are here concerned, alleged that Enesco's conduct in terminating Disario constituted a tortious breach of an implied covenant of good faith and fair dealing in his employ-

ment contract. Upon motion of Enesco and the authority of *Martin v. Federal Life Insurance Co.* (1982), 109 Ill. App. 3d 596, 440 N.E.2d 998, the trial court dismissed count II for failure to state a cause of action.

On this appeal, Disario contends that Enesco's conduct in terminating him was so outrageous and morally reprehensible that it offends the public conscience and renders the compensation of traditional contract remedies wholly inadequate.

Disario alleged that Enesco repeatedly assured him that his job was not in jeopardy and that Disario would be given adequate notice in the event that his position was ever threatened with termination. These assurances, Disario maintains, in addition to Enesco's fictitious ground for discharging him, constitute circumstances which justify the expansion of the theory of breach of the covenant of good faith. It is Disario's contention that, unlike the circumstances in *Martin,* the extent of bad faith exercised by Enesco necessitates an exception to the general rule that wrongfully discharged employees may not proceed against the terminating employer on a theory of tortious breach of the covenant of good faith and fair dealing, except in very limited cases.

■■ The circumstances of this case are far less compelling than those in *Martin,* wherein we refused to make such an exception. Martin had been employed with Federal Life Insurance Company for 12 years when Federal's competitor offered Martin an attractive position. Martin rejected the competitor's offer after Federal agreed to give him lifetime employment. Ten years later, however, Martin was terminated from Federal without cause. By contrast, Disario's tenure with Enesco was only three years and Disario did not reject a more lucrative employment offer from a competitor while remaining in Enesco's employment. The gravity and the unfortunate consequences of Disario's reaction to his termination cannot be denied, but an employee's physical or mental reaction to his employment termination is not basis for a cause of action by the terminated employee against his former employer.

■■ In *Martin* we stated:

"While we agree that the same conduct may give rise to both tort and contract theories of recovery in some cases, we do not believe that Illinois law recognizes a tort remedy based on an employer's 'bad faith' breach of an implied contract covenant of fair dealing. As previously discussed, in limited circumstances a terminable at will employee has an action for wrongful discharge despite the general maxim that such an employee may

be discharged for any or no reason. [Citations.] In such cases there is no actionable breach of employment contract but the law nonetheless implies a duty in tort based on public policy. In contrast, employees, such as plaintiff, who have expressly bargained for permanent employment, have a right of action based on the contract itself, and do not need tort principles. In extreme cases, an employer's breach of the contract may also give rise to an independent tort, such as intentional infliction of mental distress, but we believe plaintiff's allegations of count II fall far short of stating an independent tort action. ***

Care must be taken to prevent the transmutation of every breach of contract into an independent tort action through the bootstrapping of the general contract principle of good faith and fair dealing. *** A general 'bad faith' tort based on breach of contract would undoubtedly be difficult to apply in most cases and superfluous in cases such as the present one, which primarily sounds in contract. *** [T]he court properly dismissed count II for failure to state a cause of action." (Emphasis added.) *Martin v. Federal Life Insurance Co.* (1982), 109 Ill. App. 3d 596, 606-07, 440 N.E.2d 998.

Disario argues that the alleged facts of the instant case present *the extreme case* contemplated by the court in the foregoing language of *Martin* and in the language in *Ledingham v. Blue Cross Plan* (1975), 29 Ill. App. 3d 339, 330 N.E.2d 540. *Ledingham* held that the insured and insurer in a life and health insurance relationship have a duty to deal fairly with each other and in good faith and that failure to do so constitutes a tort as well as a breach of contract. *Ledingham v. Blue Cross Plan* (1975), 29 Ill. App. 3d 339, 351, 330 N.E.2d 540.

Our response to Disario's reliance on *Ledingham* in the case at bar is the same as our response to Martin: "We express no opinion as to the soundness of the *Ledingham* rationale but decline to expand the tort theories advanced there into the employment context by analogy." *Martin v. Federal Life Insurance Co.* (1982), 109 Ill. App. 3d 596, 606 n.2, 440 N.E.2d 998.

The trial court properly dismissed count II of Disario's complaint for failure to state a cause of action. We affirm.

Affirmed.

LORENZ and MURRAY, JJ., concur.